FILED IN OPEN COURT
11/03/2009
TIMOTHY M. O'BRIEN, CLERK
BY_____
DEPUTY CLERK

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | NO.   09-20094-01-KHV |
| v. | )<br>)<br>) | PETITION TO ENTER PLEA<br>OF GUILTY AND ORDER<br>ENTERING PLEA |
| HAYWOOD T. MADISON,<br>Defendant. | )<br>)<br>) | [Federal Rules of Criminal<br>Procedure, Rules 10 and 11] |

The defendant represents to the Court:

(1) My full true name is: Haywood T. Madison. I am 28 years of age. I have completed high school and 6 mos HVAC at Vatterott College. I request that all proceedings against me be in my true name.

(2) I am represented by a lawyer, his name is:

Tim Burdick.

(3) I received a copy of the Indictment[1] before being called upon to plead. I read the Indictment and have discussed it with my lawyer. I fully understand every charge made against me.

(4) I told my lawyer all the facts and circumstances known to me about the charges made against me in the Indictment. I believe that my lawyer is fully informed on all such matters.

(5) I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me in Count(s) 1 & 2 of the Indictment: As to Count 1, on or about December 30, 2008, I knowingly and intentionally possessed with intent to distribute more than five grams of a mixture and substance containing cocaine base, a controlled substance, in violation of Title 21, U.S.C. §841(a)(1) and 841(b)(1)(B)(iii); As to Count 2, on or about December 30, 2008, I knowingly and intentionally possessed with intent to distribute a mixture and substance containing heroin, a controlled substance in violation of Title 21 U.S.C. §841(a)(1) and 841(b)(1)(C).

(6) My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

---

[1] "Indictment" also includes "Information."

(7)     I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me: (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand, and if I do not take the witness stand, no inference of guilt may be drawn from such decision.

(8)     I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury; and further, I realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

(9)     I know that if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(10)    My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than _5 years on Count 1_; (if applicable) and to a maximum punishment which, as provided by law, is _not more than 40 years on Count 1; not more than 20 years on Count 2_ be followed by a term of supervised release of at least _3 years on Count 2 and not less than 4 years on Count 1_ (Title 21 Drug Offense) not more than ___ years (greater of 18 U.S.C. § 3583(b) or Title 21 Drug Offense), and a fine of not less than ____ nor more than _$2,000,000.00 on Count 1; $1,000,000.00 on Count 2_ (which may accrue interest if not paid at time of sentencing) for the offense(s) charged in Count(s) _1 & 2_ of the Indictment or Information. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed _5_ years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(11)    I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment in the amount of _$ 100.00_ for each count in which the offense occurred after April 24, 1996. (Not less than $100.00 for a felony, $25.00 for a Class A misdemeanor; if the defendant is other than an individual the assessment is not less than $400.00 for a felony and $100.00 for a Class A misdemeanor). I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE.

(12)    I understand that if my case involves drug trafficking or drug possession, the Court

may deny or suspend my eligibility to receive federal benefits pursuant to 21 U.S.C. § 862, except for those specifically exempted. I understand that if this is my second or subsequent conviction for possession of a controlled substance, the Court may order me to complete drug treatment or community service as specified in the sentence as a condition for reinstatement of benefits.

(13) I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

(14) I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

(15) If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed upon me in this case.

(16) I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

<u>My attorney did discuss how the Sentencing Guidelines may apply in my case.</u>

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. § 3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of responsibility for the offense, may have a specific effect on the sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in

mitigation of punishment, that I have voluntarily entered a plea of guilty.

(17) I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case, unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. The report of the presentence investigation shall contain the factors set forth in Rule 32. These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentence available to the Court, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant, and such other information required by the Court recognizing the factors set forth in paragraph (16) above.

(18) My plea of guilty is/is not the result of my plea agreement entered into between the Government attorney, my attorney, and me.

If my plea of guilty is the result of a plea agreement, I hereby state that the terms of said agreement are as follows:

See attached plea agreement.

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand the Court will **not** give me the opportunity to withdraw my plea of guilty, unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

(19) I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

(20) I know that the Court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY", and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows.[2]

Guilty to Counts 1 and 2 of the Indictment.

(21) My mind is clear, I am not under the influence of alcohol. I currently am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days are:

_N/a_

---

[2]*The defendant's plea of "GUILTY" or "NOT GUILTY" to each offense should be entered in the blank spaces provided in paragraph (20). If the Indictment charges a single offense, a defendant who wishes to plead "GUILTY" should write in paragraph (20) "GUILTY as charged in the Indictment." If more than one offense is charged, the defendant may write in paragraph (20) "GUILTY as charged in Count(s) _____," "NOT GUILTY as charged in Count(s) _____."*

_____.

(22) I have never been confined in an institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician, or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

_____ N/a _____.

(23) I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.

(24) I waive the reading of the Indictment in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (20) of this petition.

(25) I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this 3rd day of November, 2009.

_____
(Defendant)

Subscribed and Sworn to before me this 3rd day of November, 2009.

_____
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant Haywood Madison hereby certifies:

(1) I have read and fully explained to the defendant the allegations contained in the

Indictment in this case.

(2) To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3) I explained the maximum penalty for each count to the defendant.

(4) The plea of "GUILTY" offered by the defendant in paragraph (20) accords with my understanding of the facts he/she related to me and is consistent with my advice to the defendant.

(5) In my opinion, the defendant's waiver of reading of the Indictment in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted.

(6) In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (20) of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(7) I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

<u>I have discussed with my client how the Sentencing Guidelines may apply in his case.</u>

(8) I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement. The terms of the agreement are set out in paragraph (18) of the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement and that if the Court rejects the agreement, the Court will not give him/her the opportunity to withdraw his/her plea of "GUILTY," unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this ___3rd___ day of ___November___, 2009.

_____
(Attorney for the Defendant)

## **O R D E R**

I find that the plea of guilty was made by the defendant freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the petition and as recommended in the certificate of his/her lawyer.

Done in open court this 3rd day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HAYWOOD T. MADISON**, )<br>)<br>Defendant. )<br>_____ ) | No.  09-20094-KHV |

## PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Trent M. Krug, and Haywood T. Madison, the defendant, personally and by and through the defendant's counsel, Tim H. Burdick, enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.**   The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment.  Count 1 charges the defendant with possession with intent to distribute more than five grams of a mixture and substance containing cocaine base ("crack cocaine"), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).  Count 2 charges the defendant with possession with intent to distribute a mixture and substance containing heroin, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c).  By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses.  The defendant understands that the maximum sentence that may be imposed for Count 1 of the

Indictment is imprisonment for a term of not less than 5 years to not more than 40 years, a fine not to exceed $2,000,000.00, a term of supervised release of not less than 4 years, and a special assessment of $100. The defendant understands that the maximum sentence that may be imposed for Count 2 of the Indictment is imprisonment for a term of not more than 20 years, a fine not to exceed $1,000,000.00, a term of supervised release for no more than 3 years, and a special assessment of $100.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On December 30, 2008 at approximately 7:15 p.m., members of the Kansas City, Kansas Police Department observed the defendant, Haywood Madison, driving a 2008 Chevrolet Impala near the intersection of 38th and State Avenue in Kansas City, Kansas. Officers were aware the defendant had an outstanding arrest warrant and contacted him at a CVS Pharmacy, located at 3750 State Avenue. During a search incident to arrest, officers located two bags containing a white rock-like substance and one bag of a black tar-like substance in the defendant's left front pants pocket.
>
> A field test confirmed the presence of tar heroin in one of the bags. A field test conducted on a second bag verified the presence of crack cocaine. This bag contained twenty four (24) individually-wrapped crack cocaine rocks. The third bag was also tested and confirmed to contain crack cocaine. The three bags were collected and submitted for forensic testing at the Drug Enforcement Administration's laboratory. The testing revealed a net weight of 7.1 grams heroin hydrochloride, 2.9 grams net weight of cocaine base, and another 7.7 grams net weight of cocaine base. Based on the investigators' combined training and experience, the manner of packaging, and the quantities involved, they believed the defendant knowingly and intentionally possessed, with intent to distribute, the crack cocaine and heroin on December 30, 2008.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (hereinafter "Guidelines") be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to

2

have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt, and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.  The defendant agrees that facts that determine the offense level may be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay, to make that determination.  The parties further agree to request a sentence within the Guideline range determined to be appropriate by the Court.  In other words, the United States will not request a sentence in excess of the high end of the applicable Guideline range and the defendant will not request a sentence below the low end of the applicable Guideline range.  The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.**   The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.  The defendant agrees that the base offense level under U.S.S.G. § 2D1.1 should be determined based on the amount of drugs stated in the factual basis above.

5. **Government's Agreements.**   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to the following:

a.  Not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

b.  Not file any charges based on items located during a subsequent search warrant executed on December 30, 2008 at 8157 Fayette Street, Kansas City, Kansas, including a Title 18 U.S.C. § 924(c) charge;

c.  Recommend a sentence at the low end of the appropriately determined Guideline range; and

d.  Recommend the defendant receive a two level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. If the Court finds the defendant is eligible for that reduction and the defendant's offense level is 16 or greater, then the United States will move at the time of sentencing for the defendant to receive an additional one level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

If the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, then the United States will not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. Specifically, the government's obligations provided in this paragraph are contingent upon the defendant continuing to manifest acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to the defendant's involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to

4

withdraw any and all recommendations in this paragraph without breaching this agreement.

The defendant understands and agrees that if the defendant violates this plea agreement, then all statements the defendant made subsequent to the execution of this plea agreement, any testimony the defendant gave before a grand jury or any tribunal or any leads from such statements or testimony will be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights that might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements the defendant gave subsequent to entering into this plea agreement.

6. **Sentence to be Determined by the Court.**   The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant.**   The United States agrees to not use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above the defendant's applicable Guideline range. The defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there will be no such restrictions on the use of

the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1 is warranted.

8. **Withdrawal of Plea Not Permitted.**   The defendant understands that if the Court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, then the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well

as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742, affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) and ineffective assistance of counsel], a motion brought under Title 18, U.S.C. § 3582 (c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**11.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and to the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and is fully satisfied with the advice and representation provided by the defendant's counsel. Further, the defendant acknowledges that the defendant has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress, or coercion. The defendant also understands that this plea agreement

8

supersedes any and all other agreements or negotiations between the parties and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____  Date: 11/3/09
Trent M. Krug, #19454
Special Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Trent.Krug@usdoj.gov

_____  Date: 11-3-09
Scott Rask
Supervisory Assistant U.S. Attorney

_____  Date: 11/3/09
Haywood T. Madison
Defendant

_____  Date: 11/3/09
Tim H. Burdick
Attorney for Defendant Madison

9