IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
      Plaintiff, )
)
vs. ) Case No. 09-20094-01 KHV
)
)
HAYWOOD T. MADISON, )
      Defendant. )
)

## MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO 18 U.S.C. §3582(c)(2)

**COMES NOW Haywood T. Madison,** hereinafter ("known as Petitioner) pro se., and respectfully moves this Court pursuant to 18 U.S.C. §3582(c) for an order reducing the term of imprisonment on the grounds that a retroactive amendment to the crack cocaine guideline lowers the sentencing range applicable to the offense. As a result, Petitioner is eligible for a reduction of his sentence. Petitioner respectfully requests that this Court impose a reduced sentence of 47 months imprisonment. In support, Petitioner states:

    1. Haywood T. Madison is currently serving a sentence for an offense involving cocaine base (crack).

    2. On February 2nd, 2010 Madison was sentenced by judge Vratil to 60 Months imprisonment. His guideline range was 51 to 63 months, based on a total offense level of 24 and a criminal history category of I.

    3. On November 1, 2010, the sentencing range on which Madison's sentence was based was lowered by the Sentencing Commission's emergency temporary amendment in light of the statutory changes made by the Fair Sentencing A t (FSA).[1] See USSG 2010 Supp. to App. C.,

---

[1] Pub.L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act, effective August 3, 2010, reduced the statutory mandatory minimum penalties for crack cocaine trafficking and eliminated the mandatory minimum sentence for simple possession of crack. The Act reduced the statutory penalties by raising the amounts of crack required to trigger mandatory minimum sentences - from 5 grams to 28 grams for a 5 year mandatory minimum and from 50 to 280 grams for a 10 yaer mandatory minimum. A endment 750 reflects the new Congressionally mandated triggering quantities for the 5 and 10 year mandatory minimum for 28 grams (Level 26), and 280 grams (Level 32) in USSG § 2D1.1.

Amendment 748. On April 28, 2011, the Commission promulgated an amendment to USSG § 2D1.1 to permanently incorporate into the guidelines the statutory changes made by the Fair Sentencing Act. See Id., Amendment 750. On July 13, 2011, the Commission promulgated an amendment to policy statement USSG §1B1.10 to make this change retroactive effective November 1, 2011. See 76 FR 41332-01, 2011 WL 2689212. That policy statement provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any offender eligible to be considered for retroactive application of an amended Guideline. Among the factors courts must consider are those listed at 18 U.S.C. § 3553(a), as well as the risk to public safety that might result from a reduction in the sentence. Court may also consider Cooper's conduct while incarcerated. USSG § 1B1.10., comment(n.1).

4. Retroactive Amendment 750 to the Guidelines' Drug Quantity Table in §2D1.1 reduces the offense levels for crack cocaine offenses by incorporating the FSA's 18:1 weight ratio between powder and crack cocaine. The marijuana equivalency for crack is 1 gram to 3,571 grams of marijuana.

5. Madison is eligible for a reduction of his sentence by retroactive application of Amendment 750 pursuant to 18 U.S.C. § 3582(c) and policy statement § 1B1.10.

6. Section 3582(c)(2) authorizes the district court to re-calculate Madison's sentencing range under the altered amendment, and determine an appropriate sentence in accordance with the applicable § 3553(a) factors.[2]

7. Amendment 750 lowers the total offense level in Madison's presentence report to 24 and the guideline range to 41 to 51 months imprisonment, leaving all other guideline decisions from the original sentencing in place. see USSG § 1B1.10(b)(1), p.s.

8. Madison' respectfully request the Court reduce the sentence imposed to reflect application of Amendment 750 by imposing an amended sentence of 41 months imprisonment, which is the low end of the amended guideline range.

---

[2] The statute contains an overarching provision instructing district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the the goals of sentence, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford

9. Furthermore, it appears that by November 1, 2011, the effective date of the Amended Guideline, Madison will have served the term of imprisonment called for by the amended guideline range. Therefore, the Court should order the sentence be reduced to "time served".

11. Rule 43(b)(4), Fed. R.Crim.P. provides that a Defendant's presence is not required for purposes of a § 3582(c)(2) sentence reduction proceeding.

WHEREFORE, as Madison qualifies for immediate release as of November 1, 2011, it is respectfully requested that the Court enter an amended Judgment reducing Haywood T. Madison's sentence to time served under the amended Guidelines.

Respectfully submitted,

*/s/ Haywood Madison*
Haywood T. Madison, Pro se.,
Reg. No. #12111-031
USP, Leavenworth
P.O. BOX 1000
Leavenworth, KS 66048-1000

*/s/ C Berry*
A. CHERICE BERRY
Notary Public - State of Kansas
My Appt. Expires 11-5-2013

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2011, the foregoing was filed by institutional mail with the Clerk of Court to be served by institutional legal mail.

I hereby certify that on December 23, 2011, the foregoing was filed thru the institutional mail boxs rule upon the Office of the United States Attorney.

_____
Haywood T. Madison,