**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 09-20094-01-KHV** |
| **HAYWOOD T. MADISON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

On February 2, 2010, the Court sentenced defendant to 60 months in prison. This matter is before the Court on defendant's pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #26) filed December 27, 2011. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C). The presentence investigation report noted that defendant was accountable for the equivalent of 219.98 kilograms of marijuana. See PSIR (Doc. #21) ¶ 36. Accordingly, defendant's base offense level was 21. See United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1. Defendant received a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 21. See U.S.S.G. § 3E1.1. Defendant's total offense level of 21, with a criminal history category I, resulted in a sentencing range of 37 to 46 months in prison, but defendant was subject to a statutory minimum of 60 months. On February 2, 2010, the Court sentenced defendant to the statutory minimum of 60 months in prison.

## **Analysis**

Defendant asks the Court to reduce his sentence under the Fair Sentencing Act of 2010 ("FSA"). See Pub. L. 111-220. In particular, he asks the Court to retroactively apply the FSA.

### **I.   Mandatory Minimum Sentence**

Effective August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(B)(iii) to increase from five grams to 28 grams the amount of cocaine base needed to trigger the statutory mandatory minimum sentence of five years. Defendant is not entitled to relief under this amendment, however, because the Court sentenced him on February 2, 2010, before the effective date of the FSA. Congress did not make retroactive the statutory change related to cocaine base offenses. United States v. Reed, 410 Fed. Appx. 107, 111 (10th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, 131 S. Ct. 1706 (2011); see United States v. Wright, 412 Fed. Appx. 54, 55 n.1 (10th Cir. 2011); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010), cert. denied, 131 S. Ct. 1790 (2011). The "general savings statute," 1 U.S.C. § 109, requires federal courts to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. Reed, 410 Fed. Appx. at 111 (citing Carradine, 621 F.3d at 580). For these reasons, the Court overrules defendant's claim that his sentence should be reduced based on the amendment to the statutory minimum sentence for cocaine base offenses.

### **II.  Sentencing Guideline Range**

Defendant argues that the Court should re-sentence him because the FSA and subsequent amendments to the Guidelines lowered the guideline range for crack cocaine cases. A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing

range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range. Because the Court sentenced defendant based on the statutory minimum, 21 U.S.C. § 841(b)(1)(B)(iii), and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief. See, e.g., U.S.S.G. § 1B1.10, cmt. 1(A) (statutory mandatory minimum sentence may prevent relief under Section 3582(c)(2)); United States v. Gonzales, 297 Fed. Appx. 810, 812 (10th Cir. 2008) (retroactive downward modification of offense level irrelevant where defendant sentenced based on statutory minimum); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (defendant not entitled to reduction under 18 U.S.C. § 3582(c)(2) where court sentenced him to statutory mandatory minimum and amendment did not impact statutory minimum).[1]

### III. General Authority To Re-Sentence Defendant

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945,

---

[1] Except in limited circumstances, the Court simply lacks authority to sentence a defendant below the statutory minimum. Defendant does not allege that any exception applies here. See, e.g., 18 U.S.C. § 3553(e) (reduction below statutory minimum for substantial assistance motion brought under Section 3553(e)); 18 U.S.C. § 3553(f) (reduction permitted if (1) defendant has no more than one criminal history point, (2) violence or threat of violence not part of offense conduct, (3) offense did not result in death or serious bodily injury, (4) defendant was not organizer, leader, manager, or supervisor of others and not engaged in continuing criminal enterprise and (5) no later than time of sentencing hearing, defendant has truthfully provided all information and evidence defendant has concerning offense or offenses that were part of same course of conduct or of common scheme or plan).

947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #26) filed December 27, 2011 be and hereby is **OVERRULED**.

Dated this 16th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge